UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA L.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | Case No. 3:23-cv-05358-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB") Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the Administrative Law Judge's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

On January 25, 2016 plaintiff filed an application for DIB alleging a disability onset date of June 17, 2014. AR 311. Plaintiff met the insured status through December 31, 2015. AR 1215. Plaintiff's claims were denied initially and upon reconsideration. AR 205, 218. On November 29, 2017, a hearing was conducted by Administrative Law Judge ("ALJ") C. Howard Prinsloo. AR 150-180. On June 22, 2018, ALJ Prinsloo issued an unfavorable decision. AR 8-27. On February 25, 2019, the Appeals Council ("AC") denied the request for review. AR 1-7. Plaintiff filed an appeal.

On November 19, 2019 The Honorable Brian A. Tsuchida remanded the matter for further proceedings. AR 1001-1012. On November 30, 2021 a second hearing was conducted by ALJ Prinsloo. AR 891-911. On December 29, 2021, ALJ Prinsloo issued an unfavorable decision. AR 865-890.

The ALJ found plaintiff had the following severe impairments during the period at issue: status-post left shoulder second degree-acromioclavicular separation, status-post right knee partial medial meniscectomy, mild-right knee osteoarthritis, moderate cervical degenerative disc disease, glaucoma, anxiety disorder, and posttraumatic stress disorder (PTSD). AR 871. As a result, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with additional restrictions. AR 874. The ALJ found that there were jobs that exist in significant numbers in the national economy including: storage facility clerk (DOT 295.367-026), small products I assembler (DOT 706.684-022), production assembler (DOT 706.687-010), cashier II (DOT 211.462-010), sales attendant (DOT 299.677-010) and fast food worker (DOT 311.472-010). AR 881.

Plaintiff filed a complaint for review in this Court; for the reasons stated below, the Court affirms the decision of the ALJ.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

**1. Other source evidence**

Plaintiff challenges the ALJ's evaluation of the opinion of two "other sources," Sunny Gill, D.C., and Jill Stenerson, M.A. Dkt. 9 at 3-9.

When evaluating opinions from non-acceptable medical sources such as a chiropractor, therapist or a family member, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). And where an ALJ has provided clear and convincing reasons to discount a claimant's testimony, those reasons are germane reasons for rejecting similar lay witness testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

In rejecting lay testimony, the ALJ need not cite specific references to the record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Lewis v. Apfel,* 236 F.3d 503, 511 (9th

Cir. 2001). The ALJ also may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

    A.  <u>Sunny Gill, D.C.</u>

Plaintiff challenges the ALJ's evaluation of Dr. Gill's opinion, arguing that the ALJ failed to provide specific, germane reasons for discounting the opinion. Dkt. 9 at 3.

On February 17, 2017 Dr. Gill filled out a "Medical Opinion Re: Ability to do Work-Related Activities." AR 693. He indicated that he had been treating plaintiff for a year and four months, since October 22, 2015. *Id*. He diagnosed plaintiff with spinal segmental dysfunction: cervical, thoracic, lumbar, pelvic with associated pain in those regions. *Id*. He opined that plaintiff is limited to: standing and walking less than two hours a day, sitting two hours a day, and lifting and carrying less than ten pounds. *Id*. He additionally opined that plaintiff needs the freedom to shift at will between sitting or standing/walking and needs to lie down at unpredictable times during an eight hour day. *Id*. He anticipated that plaintiff's impairments, conditions, symptoms and treatment would cause her to be absent from work more than three times a month. *Id*.

The ALJ assigned little weight to Dr. Gill's opinion; the ALJ found: (1) Dr. Gill is not an acceptable medical source, (2) Dr. Gill's opinion is inconsistent with the progress notes from Kingston Crossing Chiropractic, (3) Dr. Gill's opinions appear disproportionate to the conservative nature of plaintiff's treatment prior to the last date insured, (4) His opinions are out of proportion to the benign findings of Dr. Novey during the period at issue. AR 878.

As to the ALJ's first reason, chiropractors are not an "acceptable medical source" under the applicable regulations, and thus may be given less weight than those of

1  acceptable medical sources. *See Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir.
2  1996); 20 C.F.R. § 404.1513(d) (version in effect from September 3, 2013 to March 26,
3  2017). Therefore, the ALJ did not err by affording greater weight to Dr. Magdaleno, an
4  acceptable medical source.
5      Dr. Magdaleno opined that plaintiff could lift twenty pounds occasionally and two
6  pounds frequently, could stand and or walk for a total of six hours in an eight hour
7  workday, and could sit for six hours in an eight hour workday. *See* AR 229. It is error for
8  an ALJ to reject evidence from "other sources" solely on the basis that it does not
9  qualify as an "acceptable medical source." *See Haagenson v. Colvin*, 656 Fed. Appx.
10 800, 802 (9th Cir. 2016).
11     However, here the ALJ gave a germane reason to reject that opinion, as the ALJ
12 determined that it was contradicted by Dr, Magdaleno's opinion. *See Bayliss v.*
13 *Barnhart*, 427 F.3d 1214, 1218 (9th Cir. 2005) ("inconsistency with medical evidence" is
14 a germane reason for discrediting lay testimony); *Lewis v. Apfel*, 235 F.3d 503, 512)
15 (9th Cir. 2001) (in rejecting lay testimony, the ALJ need not cite the specific record as
16 long as "arguably germane reasons" for dismissing the testimony are noted, even
17 though the ALJ does "not clearly link his determination to those reasons," and
18 substantial evidence supports the ALJ's decision).
19     The other reasons cited by the ALJ in discounting Dr. Gill's opinion are also
20 germane. Progress notes from Kingston Crossing Chiropractic regularly noted that
21 plaintiff's condition was showing improvement. *See* AR 502, 500, 498. 496. Although Dr.
22 Novey mentioned tender points in the notes concerning physical examinations (*See* AR
23 416, 421, 432, 448), he also observed "no clubbing, cyanosis, edema, or deformity
24
25

noted with normal full range of motion of all joints." (See AR 416, 421, 448). Therefore, the ALJ properly discounted Dr. Gill's opinion as inconsistent with the treatment record.

As plaintiff argues, the record reflects challenges that plaintiff may have faced in pursuing treatment – including prohibitive costs, lack of insurance coverage and intolerance to several medications. See AR 413, 416, 435, 522. Conservative treatment may undermine a finding of disability, yet this does not apply where a plaintiff has a good reason for not seeking a more aggressive course of treatment. Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007). However, because the Court has already found that the ALJ provided other, legally permissible germane reasons, supported by substantial evidence for discounting Dr. Gill's opinion, any error in failing to consider plaintiff's reasons for only pursing conservative treatment options would be harmless. See Carmickle v. Comm'r Soc. Sec. Admin, 533 F.3d 1155, 1163 (9th Cir. 2008).

B. <u>Jill Stenerson, M.A.</u>

Plaintiff also challenges the ALJ's evaluation of Ms. Stenerson's opinion. Dkt. 9 at 7-9.

On July 24, 2014 Ms. Stenerson completed a Psychological Mental Status Assessment. 488-492. She diagnosed plaintiff with Posttraumatic Stress Disorder, Acute/Chronic, and Panic Disorder. AR 492. Dr. Stenerson conducted a mental status examination wherein she opined that plaintiff appears to have some deficits in executive functions, noting that it is possible that that there may be brain damage as a result of head injuries. AR 491.

She further opined that plaintiff has significant impairment in insight and judgment throughout her early adulthood, as evidenced by her many years in an

abusive relationship and subsequent alcohol abuse. *Id*. Ms. Stenerson opined that plaintiff has one of the more profound cases of domestic violence she, as a therapist, had ever come across. *Id*. She additionally stated that "she is suffering from the effects of chronic, consistent trauma from years of abuse and it has become clear that [plaintiff] will no longer be able to work." AR 491.

The ALJ assigned little weight to Ms. Stenerson's opinion on the basis that: (1) whether plaintiff is disabled is an issue reserved to the commissioner, (2) Ms. Stenerson saw plaintiff only once prior to the date last insured and based her opinion largely on this single evaluation, (3) Ms. Stenerson's description of plaintiff as being overwhelmed with anxiety, fear, and chronic pain is not fully consistent with the evidence, (4) Ms. Stenerson's opinions relied in part on plaintiff's physical complaints which Ms. Stenerson is not qualified to assess, (5) the conclusion that plaintiff's mental condition would prevent her from ever returning to work, is contrary to report of Dr. Savage. AR 879.

As for the ALJ's first reason, it was proper for the ALJ to discount Ms. Stenerson's statements regarding her opinion that plaintiff is disabled; that is a determination "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(1), (d)(3).

It was also proper for the ALJ to discount Ms. Stenerson's opinion because it was based on a single evaluation. In evaluating an "other source" opinion an ALJ may consider factors including "[h]ow long the source has known and how frequently the source has seen the individual." SSR 06-03p (rescinded) Therefore, this was a germane reason to discount Ms. Stenerson's opinion.

As for the ALJ's third reason, as stated above, contradiction with the medical record is a germane reason to discount other source evidence. *Bayliss v. Barnhart*, 427 F.3d 1214, 1218 (9th Cir. 2005). Here, the ALJ pointed to physical exam results indicating "no acute distress" and "alert and cooperative; normal mood and affect' normal attention span and concentration"; substantial evidence supports this finding. AR 1401-1402, 1408, 1419-1420, 1440. The ALJ also cited to evidence after the period at issue, a letter from Dr. Leslie Ann Savage, Psy.D.. This letter conveyed that plaintiff had stated her treatment was "useful to resolving some of the residual effects of her trauma", and she "felt she was less apt to re-experience trauma related anxiety to environmental cueing." AR 654. The ALJ appropriately found that this evidence discredited Ms. Stenerson's conclusion that plaintiff's mental condition would prevent her from ever returning to work. *See* AR 879.

Finally, the ALJ's determination that some of Ms. Stenerson's statements regarding potential brain damage and plaintiff's debilitating pain were outside of Ms. Stenerson's area of expertise is supported by the record. As discussed above, Dr. Novey's assessment showed normal findings, and the plaintiff's February 2016 CT scan (AR 459), was also normal.

Therefore, the ALJ provided germane reasons, supported by substantial evidence, for discrediting Ms. Stenerson's opinion.

**2. Step five**

Plaintiff argues that the ALJ erred in finding that plaintiff could perform jobs that have an SVP of at least two and a Reasoning Level of 2 – despite also finding in the RFC that plaintiff should be limited to simple, routine tasks. Dkt. 9 at 9.

Level 2 Reasoning requires that a person has the ability to "[a]pply commonsense understanding to carry out detained but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015) (*citing* DOT, App. C, 1991 WL 699702). Here, the ALJ assessed that plaintiff has the RFC, in pertinent part, to perform light work but was limited to "simple, routine tasks." AR 874. Relying on the testimony of the VE, the ALJ determined that plaintiff could perform the requirements of occupations such as storage facility clerk small products I assembler, production assembler, cashier II, sales attendant, and fast food worker. AR 881.

Plaintiff argues that Reasoning Level 2 job requirements in the DOT are not compatible with a limitation to non-complex work. Dkt. 9 at 9. Plaintiff cites *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015) and *Rounds v. Comm'r of Soc. Sec. Admin*, 807 F.3d 996 (9th Cir. 2015) as support for this contention. However, *Zavalin* is not relevant – that opinion discusses the difference between simple, routine or repetitive work and Level 3 Reasoning, not Level 2 Reasoning. *Zavalin*, 778 F.3d at 846-847. On the contrary, the court in *Zavalin* held that while "simple, routine work" conflicts with the demands of Level 3 Reasoning, it does not appear to conflict with Level 2 Reasoning. *Id*.

Additionally, in *Rounds*, the Ninth Circuit found that there was an apparent conflict between a limitation to one-and two-step tasks, and the demands of Level 2 reasoning. *Rounds*, 807 F.3d at 1003. Yet, in that case, the Court observed that "[i]n his RFC assessment, the ALJ did not merely restrict the plaintiff to 'simple' or 'repetitive' tasks. Instead, he expressly limited her to 'one to two step tasks,' apparently to address

her 'moderate' problems with memory and concentration." *Id*. at 1004. The Court specifically noted that unpublished decisions of this Circuit and opinions from other circuits have concluded that limitations to "simple" and "repetitive" tasks are consistent with Level Two reasoning and were not relevant to the issue at hand because those cases did not address a limitation to "one to two step tasks." *Id*. at 1004 n.6.

Furthermore, other district courts in this circuit have also concluded that an individual limited to perform simple, repetitive tasks can perform the demands of Level 2 Reasoning. *See John B. v. Comm'r of Soc. Sec.*, C22-5910-BAT, 2023 WL 6845297 at *4 (W.D. Wash. Oct. 17, 2023) (finding that failure to include physician's opinion that plaintiff was limited to simple and repetitive tasks in the RFC was harmless because the jobs identified by the ALJ at step five required Level 2 Reasoning); *Meissl v. Barnhart*, 403 F.Supp. 2d 981 (C.D. Cal. 2005).

Therefore, the ALJ did not err by finding that plaintiff could perform jobs that require Reasoning Level 2 while also limiting her to simple, routine tasks in the RFC.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ's decision is supported by substantial evidence and the ALJ did not commit harmful error. Therefore, the decision is AFFIRMED.

Dated this 15th day of March, 2024.

Theresa L. Fricke
United States Magistrate Judge